# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| v. | ) ) | 2:19-cr-8-NR |
| NOAH LANDFRIED, et al., | ) ) ) |  |
| Defendants. | ) ) |  |

## MEMORANDUM OPINION

**J. Nicholas Ranjan, United States District Judge**

This is a 48-defendant drug conspiracy and money laundering case. Three of those defendants—Richard Jasek [ECF 1362], Omari Patton [ECF 1370], and Ross Landfried [ECF 1433]—have moved for a bill of particulars. Many other co-defendants have joined in the motions.

In their motions, Moving Defendants complain that Count 1 of the Superseding Indictment is too vague. Count 1 charges Moving Defendants—and 43 co-defendants—with engaging in a conspiracy to distribute Schedule I, II, and III controlled substances from January 2017 through January 2019. For the bill of particulars, Moving Defendants demand that the Government provide more particularized information about the timing and nature of the agreement to distribute the controlled substances. Moving Defendants argue that this information will (1) help them prepare their defense and (2) protect against a second prosecution for the same offense.

Moving Defendants are most interested in information on the timing of any alleged agreement to distribute the synthetic cannabinoids outlined in the Superseding Indictment. Those synthetic cannabinoids were not scheduled controlled substances for the entire duration of the alleged conspiracy. As a result, depending on the timing, the Government could be prosecuting

- 1 -

Defendants for distributing an analogue, which would potentially trigger different theories of the case and legal defenses.

The Government argues that the Superseding Indictment contains more information than is required. The Government also wants credit for the additional information it has supplied through the substantial discovery material it has provided to Defendants. As for the synthetic cannabinoids, at oral argument, the Government definitively stated that it is not prosecuting any of the Defendants for a conspiracy to distribute unscheduled analogues.

Considering all the information the Government has already made available to Defendants, a bill of particulars is unnecessary. While Defendants may disagree with the Court's ruling, the Government's representation at oral argument that it is not prosecuting Defendants based on the analogue status of any synthetic cannabinoids is no different from a bill of particulars on this issue. The Government has narrowed the time frame of the alleged conspiracy to distribute synthetic cannabinoids—that is, the conspiracy for certain Defendants could only begin ***after*** those substances became scheduled. Thus, based on the date of their agreement to join the conspiracy, this narrowing provides Defendants with particularized information to formulate their defense to Count 1 as to the synthetic cannabinoids.

As for Moving Defendants' double-jeopardy concerns, the Superseding Indictment, in its current form, provides greater protection. The prosecution of one large, all-encompassing conspiracy to distribute many scheduled substances prevents the Government from later prosecuting Defendants for a conspiracy related to ***any*** of those same substances during the relevant period. More particularized information about which substance each Defendant conspired to distribute would only limit, not enhance, double-jeopardy protection.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) permits a court to order the government to file a bill of particulars where the indictment does not sufficiently set out the charges against the defendant. A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars. *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989).

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971) (all internals omitted).

"[A] bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation, but, rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Butler*, No. 18-93, 2019 WL 2409052, at *3 (M.D. Pa. June 7, 2019) (all internals omitted). Thus, "[i]ts purpose is not to enable the defendant to obtain a wholesale discovery of the government's evidence nor a list of the government's prospective witnesses." *United States v. Crabb*, No. 07-423, 2008 WL 794871, at *3 (M.D. Pa. 2008) (all internals omitted).

When ruling on a motion for a bill of particulars, "this Court must consider all information that has been disclosed to Defendants in the course of the prosecution, whether or not included in the indictment." *United States v. Reed*, No. 18-101, 2019 WL 80252, at *3 (W.D. Pa. Jan. 2, 2019). But disclosure by the Government of "mountains of documents" is not an adequate substitute for a bill of particulars when the disclosure does not clarify what the

Government would prove at trial. *United States v. Kemp*, No. 04-370, 2004 WL 2757867, at *8 (E.D. Pa. Dec. 2, 2004).

"Because a bill of particulars defines and limits the government's case, the court must weigh the defendant's interest in securing information against the government's interest in not committing itself to facts before it is in a position to do so." *United States v. Surine*, No. 07-304, 2007 WL 4365739, at *1 (M.D. Pa. Dec. 12, 2007) (all internals omitted).

## DISCUSSION & ANALYSIS

Moving Defendants complain that the "conspiracy allegation" in Count 1 "is uncommonly vague and fails to state with sufficient particularity the locations, dates, and times of specific acts or conduct relating to both the conspiracy and amount of drugs or types of drugs [Defendants are] alleged to have distributed." [ECF 1362, at 2]. This vagueness allegedly hamstrings Defendants' ability to put on "an efficient defense in this sprawling case." [ECF 1370, at ¶ 4]. To correct this vagueness, Moving Defendants request the following additional information from the Government:

- The date, time, and place the alleged conspiracy began;
- The scope of the alleged conspiracy;
- The specific co-conspirators who entered into an agreement for the conspiracy;
- All evidence the government intends to offer to prove the existence of the conspiracy;
- All overt acts committed by the co-conspirators in furtherance of the conspiracy;
- The specific drugs and quantities each co-conspirator agreed to distribute; and
- A breakdown of when the conspiracy to distribute synthetic cannabinoids or analogues occurred.

*See* [ECF 1362, at 3; ECF 1370, at 4-5; ECF 1433, at 2-3].

The starting point for the Court's analysis is the indictment. *See, e.g.*, *Reed*, 2019 WL 80252, at *3 ("The Court beings its analysis by reviewing the indictment."); *United States v. Weingartner*, 485 F. Supp. 1167, 1184 (D.N.J. 1979) ("*Addonizio* implies that the district court's assessment of a request for a bill of particulars begins with a careful examination of the subject indictment.").

For Count 1, "[i]n order to establish the crime of conspiracy to distribute and possess with intent to distribute a controlled substance, the jury in this case will be instructed that the government must prove each of the following elements beyond a reasonable doubt:

(1) That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance;

(2) That Defendant was a party to, or member of, that agreement; and

(3) That Defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives."

*United States v. Harvey*, No. 12-113, 2014 WL 657595, at *2 (W.D. Pa. Feb. 20, 2014). That means the government need ***not*** prove:

- The existence of a formal or written agreement;

- An express oral agreement spelling out the details of the understanding;

- That all the members of the conspiracy directly met, or discussed among themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished;

- That all members of the alleged conspiracy were named, or that all members of the conspiracy are even known to one another;

- That defendant knew everything about the conspiracy or that he/she knew everyone involved in it, or that he/she was a member from the beginning;

- That defendant played a major or substantial role in the conspiracy; or

- The commission of any overt acts in furtherance of the conspiracy by a specific defendant.

*Id.*; *see also United States v. Korbe*, No. 09-5, 2010 WL 2404384, at *4 (W.D. Pa. June 10, 2010) ("[T]he United States Supreme Court has held that proof of 'the commission of any overt acts in furtherance of the conspiracy' is not even required for a *conviction* under 21 U.S.C. § 846.") (quoting *United States v. Shabani*, 513 U.S. 10, 15 (1994) (emphasis in original)).

Based on this liberal standard, the Superseding Indictment contains more than enough information for Defendants to prepare their defense. Beyond just pleading the elements of the offense, the Superseding Indictment lists all the co-conspirators, narrows the timeframe of the alleged conspiracy to, at most, two years, and lists all the controlled substances involved in the conspiracy. *See* [ECF 501]. While that information may not be particularized for each individual defendant, there is no requirement that it must be. *See Harvey*, 2014 WL 657595, at *8 ("Although there are numerous alleged co-conspirators, it is not incumbent upon the government to prove the role(s) played by each Defendant.").

The Government also provided over 10,000 pages of wiretap communications, search warrant materials, laboratory testing results, and other materials in its Rule 16 discovery disclosures. *See, e.g.*, [ECF 329]. Moving Defendants do not deny that some of this material helps them prepare

their defense.  Instead, they argue the Government should not get any credit for the production because it is too "voluminous" and amounts to a document dump designed to obscure the relevant material.  *See* [ECF 1516, at 5-6]. Reviewing over 10,000 pages of documents certainly presents challenges to identifying relevant material, but it is not impossible.  And Moving Defendants concede that "the Government has been cordial in voluntarily addressing with … counsel where certain evidence it considers relevant to [each individual defendant] may be found in the voluminous discovery materials…." [ECF 1370, at 4].  The Court declines to hold the expansive production against the Government.

The Court further notes that "requiring the government to indicate the *exact* dates, times, locations, and methods of the alleged crimes, as the [Moving Defendants request], would unfairly define and limit the government's case due to the fact that the evidence at trial must conform to the allegations in a bill of particulars."  *Surine*, 2007 WL 4365739, at *2.  Defendants have not adequately justified imposing such a significant burden on the Government.

Moving Defendants make two main arguments about why they need a bill of particulars here.

***First***, they argue that the Superseding Indictment is unclear since most of the synthetic cannabinoids listed were not scheduled substances during parts of the two-year timeframe of the conspiracy.  Indeed, some of those synthetic cannabinoids did not become scheduled until 17 months ***after*** the alleged conspiracy began.  *See* [ECF 1604, at 25:6-12].  As such, Moving Defendants argue that it is unclear whether the Government is prosecuting based on the analogue status of those substances or not.

Synthetic cannabinoids are manmade chemicals that some people use as an alternative to marijuana.  *See Synthetic cannabinoids: What are they?*

*What are their effects?*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/nceh/hsb/chemicals/sc/default.html (last visited February 14, 2020). These chemicals are called "cannabinoids" because "they act on the same brain cell receptors as tetrahydrocannabinol (THC), the main active ingredient in marijuana." *See About synthetic cannabinoids,* CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/nceh/hsb/chemicals/sc/About.html (last visited February 14, 2020). Sometimes these chemicals are listed on the schedule of controlled substances and sometimes they are not. When they are not, the Government may try to prosecute based on the federal Controlled Substance Analogue Enforcement Act of 1986. The Analogue Act "identifies a category of substances substantially similar to those listed on the federal controlled substances schedules … and instructs courts to treat those analogues as schedule I controlled substances if they are intended for human consumption." *McFadden v. United States*, 135 S. Ct. 2298, 2300 (2015). Prosecuting under the Analogue Act, however, requires the Government to prove the additional element that "the defendant knew he was dealing with a substance regulated under the Controlled Substances Act or Analogue Act." *Id.*

Given the different treatment of synthetic cannabinoids depending on their scheduled status, Moving Defendants' concern about the timeframe of the conspiracy to distribute those substances is well-taken. But the Government addressed that concern at oral argument when it made clear that it is "not relying on these synthetic cannabinoids before they were scheduled." [ECF 1604, at 24:7-8]. That representation addresses Moving Defendants' concern because it obviates the need to challenge the Superseding Indictment based on the knowledge element, and it reduces the timeframe of the conspiracy for

those Defendants who may have agreed to distribute only synthetic cannabinoids.

Thus, based on the Government's representation at oral argument, there is no need for a bill of particulars on this issue, the Government is judicially estopped from proceeding under an analogue theory at trial under the operative indictment, and the Court will instruct the jury accordingly.

***Second***, Moving Defendants argue that more particularized information about each specific substance that Defendants conspired to distribute will better protect them against a later prosecution for the same conduct. Not so. The broader the scope of the conspiracy, the greater the double-jeopardy protection. Giving Moving Defendants what they want would only reduce their protections by theoretically allowing the Government to prosecute for a different substance not specifically identified in the bill of particulars after this case concludes.

## CONCLUSION

For these reasons, the motions for a bill of particulars filed by Mr. Jasek [ECF 1362], Mr. Patton [ECF 1370], and Mr. Landfried [ECF 1433], and joined in by the other Moving Defendants are **DENIED**. An appropriate order will follow.

DATED this 14th day of February, 2020.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge