# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) 2:19-cr-8 |
| OMARI PATTON and DASHAWN BURLEY, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Defendant Omari Patton moves to exclude three categories of evidence from his upcoming trial: (1) K2 paper containing Schedule I synthetic cannabinoids seized by the Bureau of Prisons; (2) BOP records reflecting money sent to/from Caridad Estrada and Mr. Patton; and (3) BOP recordings of three telephone conversations between Mr. Patton on his co-defendant, Darwin Good. ECF 3220. After carefully considering the arguments of the parties, the Court denies the motion.

### I.  K2 paper from BOP facilities.

Mr. Patton seeks to exclude the K2 paper containing Schedule I synthetic cannabinoids seized at BOP facilities on authenticity grounds. ECF 3220, ¶¶ 1-20. Specifically, Mr. Patton argues that "[n]o adequate or complete chain of custody record exists as to any items purportedly linked to Mr. Patton so as to admit any items seized in this matter." *Id.* at ¶ 19. This argument misses the mark.

It is true that evidence must be authenticated to be admitted at trial. Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a funding that the item is what the proponent claims it is."). That said, the "burden of proof for authentication is slight. All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what the proponent claims it to be." *United States v. Mebrtatu*, 543 F. App'x 137, 140 (3d Cir. 203) (citation omitted).

And evidence need not be authenticated before the trial has begun. *See United States v. Bereznak*, No. 18-39, 2018 WL 1993904, at *4 (M.D. Pa. Apr. 27, 2018) ("[W]here it would not be unfairly prejudicial to do so, courts may admit evidence on the condition that it be authenticated at trial.").

Mr. Patton's objection boils down to his claims that there are gaps in the chain of custody for this evidence. But courts have "long rejected the proposition that evidence may only be admitted if a complete and exclusive chain of custody is established[.]" *United States v. Rawlins*, 606 F.3d 73, 82-83 (3d Cir. 2010). Instead, any gaps in the chain generally go "to the weight of the evidence, not its admissibility." *Id.* Regardless, establishing the chain of custody is just one of several ways evidence can be authenticated under Fed. R. Evid. 901(a). *Id.* at 82. And the government has represented that it will authenticate the "challenged evidence via chain of custody testimony" and through its "distinctive characteristics." ECF 3235, p. 6. As a result, Mr. Patton's challenge is both premature (in that the government asserts a basis to authenticate the evidence at trial) and incomplete (in that Mr. Patton's argument does not address the government's alternative basis for authentication).

The Court will allow the government to attempt to lay an appropriate foundation for the challenged evidence at trial. *See United States v. Bacon*, No. 11-42, 2012 WL 5381415, at *4 (W.D. Pa. Oct. 31, 2012) (Schwab, J.) (denying motion *in limine* to prohibit reference during trial to text messages not yet authenticated and noting that the government could present evidence to authenticate the messages at trial). Mr. Patton can raise his authentication objection at that time, assuming he has a basis to do so.

## II. BOP records of money exchanged between Mr. Patton and Ms. Estrada.

Mr. Patton next challenges "trial records pertaining to money sent to/from [Ms.

- 2 -

Estrada] to/from Mr. Patton." ECF 3220, ¶ 21. He claims that the "probative value of the transactions is dramatically outweighed by the unfair prejudice of showing that Mr. Patton was involved in financial transactions attenuated from the time of the purported drug mailings that the government is submitting as evidence against Mr. Patton." *Id.* at ¶ 22 (citing Fed. R. Evid. 403). This challenge also fails.

Rule 403 "creates a presumption of admissibility." *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002). Indeed, "[e]vidence should be excluded under Rule 403 only sparingly since the evidence excluded is concededly probative." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (citation omitted). That is "particularly true at the pretrial phase of litigation[.]" *United States v. Porter*, No. 18-68, 2019 WL 3972822, at *3 (W.D. Pa. 2019) (Fischer, J.) (citation omitted). Mr. Patton has not offered enough to establish his entitlement to the "extraordinary remedy" of pretrial exclusion of this evidence. *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011).

Here, the government has offered that Ms. Estrada was Mr. Patton's girlfriend during most of the alleged criminal conspiracy to distribute synthetic cannabinoids in prison. ECF 3235, p. 8. Money was transferred to Ms. Estrada from federal inmates and from Ms. Estrada to Mr. Patton during or shortly after the time when Mr. Patton was allegedly supplying other inmates with K2 paper. *Id.* Thus, this evidence is highly probative of Mr. Patton's participation in the alleged drug-trafficking conspiracy that is the subject of the superseding indictment. And Mr. Patton has not explained any unfair prejudice by the admission of clearly relevant records.

Mr. Patton is, of course, free to argue otherwise. He can make the case that these transfers of funds were made for completely legitimate reasons divorced from any connection to drug-trafficking activities. But those arguments go to the weight of the evidence, not its admissibility. And Mr. Patton has not sufficiently articulated

how any potential prejudice he would suffer would substantially outweigh the probative value of these records.

### III.  BOP recordings of calls with Darwin Good.

Finally, Mr. Patton moves to "exclude records of call involving Darwin Good which occurred on June 10, 2018, June 11, 2018, and June 12, 2018." ECF 3220, ¶ 23. Like the BOP records, Mr. Patton claims that the prejudice of allowing this evidence to be introduced to the jury outweighs its probative value. That's because the "calls/transcripts attributed to Darwin Good" supposedly "fall outside the scope of the dates involving drugs attributed to Mr. Patton[.]" *Id.* at ¶ 24 (citing Fed. R. Evid. 403). The problem here is that the premise is flawed. According to the government, "the scope of the charged conspiracy spanned throughout 2017 and 2018—before and after the challenged BOP calls of Mr. Good." ECF 3235, p. 9. As such, Mr. Patton cannot meet his heavy burden of justifying the exclusion of this evidence under Rule 403.

\* \* \*

For these reasons, this **14th day of February, 2022**, it is hereby **ORDERED** that Mr. Patton's motion *in limine* (ECF 3220) is **DENIED** without prejudice.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge